IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| GE PROPERTY & CASUALTY INSURANCE COMPANY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PORTLAND COMMUNITY COLLEGE,<br><br>　　　　Defendant.<br>_____<br>GE PROPERTY & CASUALTY INSURANCE COMPANY,<br><br>　　　　Third-Party Plaintiff,<br><br>　　v.<br><br>ST. PAUL FIRE & MARINE INSURANCE COMPANY and COMMERCIAL INSURANCE COMPANY OF NEWARK, NJ,<br><br>　　　　Third-Party Defendants.<br>_____ | No. CV 04-727-HU<br><br>OPINION AND ORDER |

Mark A. Turner
Ater Wynne LLP
222 S.W. Columbia, Suite 1800
Portland, Oregon 97201
Kevin J. Kuhn
Veder, Price, Kaufman & Kammholz
222 North LaSalle Street, Suite 2600
Chicago, Illinois 60601
　　Attorneys for plaintiff

///

Steven F. Hill
Hong Huynh
Miller Nash
111 S.W. Fifth Avenue, Suite 3400
Portland, Oregon 97204
    Attorneys for defendant

HUBEL, Magistrate Judge:

On August 24, 2005, the court entered an Opinion and Order which, among other things, granted plaintiff's motion for partial summary judgment on its duty to defend (doc. # 36) and denied defendant GE's motion for summary judgment (doc. # 43) with respect to the duty to defend. GE has now filed a motion to reconsider (doc. # 69), based on two contentions. The first contention is that the court erroneously found that GE's predecessor, Colonial Penn, had issued two CGL policies to plaintiff, when in fact there was only one policy; the record contained conflicting information about whether Colonial Penn's policy was effective until July 1, 1985 or until July 9, 1985. Plaintiff does not oppose GE's request that the court amend its Opinion and Order to reflect that there is only one policy, No. PEC 401225, effective until July 9, 1985. GE's motion to amend the Opinion and Order to find that Colonial Penn issued one CGL policy to PCC is GRANTED.

GE's second contention is that the court has misapplied the language of the GE policy and Oregon law on GE's duty to defend, because the Voluntary Agreement did not allege covered property damage or seek damages as a result of covered property damage. I have considered GE's arguments, but adhere to my original ruling.

An insurer has a duty to defend "if the allegations of the complaint in the underlying action, without amendment and with

OPINION AND ORDER Page 2

ambiguities construed in favor of the insured, could impose liability for the conduct covered by the policy." Ledford v. Gutowski, 319 Or. 397, 399 (1994).

The record before the court showed that the Site contained more than 20 underground injection control (UIC) drywells, designed to collect storm water from the Site; the storm water collected by the UIC drywells percolated into the groundwater. Opinion and Order, p. 2. The Voluntary Agreement requested that PCC enter the Voluntary Cleanup Program "due to the discovery of chlorinated solvents in soil beneath two" of the UIC drywells. Id. at 4.

The work to be completed by PCC pursuant to the Voluntary Agreement included a site investigation to determine whether the contamination discovered in the soil under the UIC wells "[had] or may cause significant impacts to beneficial uses of groundwater." Id. PCC was ordered to submit an investigation work plan "designed to identify the sources of contamination, the nature of contamination, the extent of contamination (to include an initial groundwater investigation near UICs # 4 and #33), contaminant migration pathways, exposure pathways, likely receptors, and potential hot spots of contamination." Id.

I interpret the language quoted above to mean that in the Voluntary Agreement, DEQ alleged that contamination had been found in the soil beneath two UICs, the purpose of which is to percolate storm water to the groundwater, and that DEQ suspected groundwater contamination was already present as a result. The Voluntary Agreement must therefore be construed to mean that that DEQ is

OPINION AND ORDER Page 3

ordering PCC to pay for the investigation necessary to find out, in view of the confirmed existence of soil contamination beneath the drywells, whether that contamination had already, or would imminently, spread to the groundwater, which would require PCC to pay for remediation of such groundwater contamination.

GE's motion for reconsideration (doc. # 69) is GRANTED. The Opinion and Order entered on August 24, 2005, is amended at page 5, line 19, to state: "GE's predecessor, Colonial Penn Insurance Co., provided CGL coverage to PCC from July 1, 1984 to July 9, 1985." The following sentence is stricken: "GE also issued a CGL policy to PCC effective July 1, 1984 to July 9, 1985."

The court has reconsidered the merits of the cross motions for summary judgment, and adheres to its earlier ruling.

IT IS SO ORDERED.

Dated this 17th day of November, 2005.

/s/ Dennis James Hubel

Dennis James Hubel
United States Magistrate Judge

OPINION AND ORDER Page 4